# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 07-41124
USDC No. 6:04-CV-71
USDC No. 6:02-CR-11-2

U.S. COURT OF APPEALS
FILED

AUG 1 2 2008

CHARLES R. FULBRUGE III
CLERK

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

THOMAS TAYLOR

Defendant-Appellant

United States Courts
Southern District of Texas
FILED

AUG 2 1 2008

Michael N. Milby, Clerk of Court

Appeal from the United States District Court
for the Southern District of Texas

O R D E R:

Thomas Taylor, federal prisoner # 98700-079, moves this court for a certificate of appealability (COA) following the district court's denial of relief on his 28 U.S.C. § 2255 motion. Taylor filed the § 2255 motion to challenge his jury trial conviction on one count of conspiring to possess pseudoephedrine, for which he is serving a 140-month sentence.

A COA may issue only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies relief on the merits of a prisoner's constitutional claims, to obtain a COA the movant must

show that jurists of reason would find the district court's resolution of his constitutional claims debatable or wrong. *Id.*

Taylor claims that his trial counsel rendered ineffective assistance because he did not request a forensics expert to determine drug quantity. He claims that his appellate counsel was ineffective for failing to raise the issue of the lack of a forensics expert and for failing to argue that a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), was required. Taylor has failed to make the showing required to obtain a COA on these claims. *See* § 2253(c)(2); *Slack*, 529 U.S. at 484.

Taylor claims that his trial counsel was ineffective because he did not request a jury instruction on a lesser-included offense. He also claims that his appellate counsel was ineffective because he did not argue that the failure of the trial court to instruct the jury on a lesser-included offense was plain error.

Taylor did not raise these claims in the district court. This court generally will not consider a claim raised for the first time in a COA application. *See Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003).

Taylor's motion for a COA is DENIED.

_____
EMILIO M. GARZA
UNITED STATES CIRCUIT JUDGE

A true copy
Attest:
Clerk, U.S. Court of Appeals, Fifth Circuit
By _____
Deputy
New Orleans, Louisiana    AUG 1 8 2008